JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals her conviction and her 12-month sentence for aggravated assault in violation of R.C.2903.12.[1] For the reasons that follow, we affirm defendant's conviction, but vacate her sentence and remand for resentencing.
 {¶ 2} During defendant's jury trial, the following evidence was adduced. On July 22, 2003, defendant stopped at Dave's Drive-Thru store located in Cleveland, Ohio. Eyewitnesses testified defendant was driving a gold Hyundai Sonata with Florida license plates. As she sat in the car at the store's drive-thru area, she was seen arguing with Taurus Stephens, a customer. At one point, defendant hit the gas and aimed the car at Stephens. He jumped out of the way and as she passed him, he hit her with his fist. Angry, defendant yelled she would be back and then she sped away from the store.
 {¶ 3} According to witnesses, moments later defendant was seen speeding back towards the store with her headlights off. Stephens was just crossing the street when defendant hit him. After being struck, Stephens fell to the ground where he remained, unconscious and bleeding, until police arrived. Defendant never stopped. She was later arrested and charged with two counts of felonious assault.
 {¶ 4} At trial, defendant denied any knowledge of the incident. The jury convicted defendant of the lesser included offense of aggravated assault. Appealing both her convictions and sentence, defendant presents the following assignments of error:
I. TANEISHA HAIRSTON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.
 {¶ 5} Defendant argues she was deprived of effective trial counsel because her attorney failed to object to several questions posed by the state.
 {¶ 6} Assistance of counsel is ineffective if it is deficient and that deficiency prejudices defendant. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052. "If the outcome of defendant's case probably would have been different but for counsel's error, counsel's assistance was ineffective." State v. Boone, Cuyahoga App. No 81155, 2003-Ohio-996, 2003 Ohio App. LEXIS 950 at ¶ 7.
 {¶ 7} In the case at bar, defendant says she was denied effective trial counsel because he failed to object to the state's questions about a prior and unrelated arrest warrant for assault. Defendant further claims that her trial counsel was ineffective because he did not object to the state's questions about her being an exotic dancer and her driving without a valid license the night Stephens was hit. According to defendant none of these questions was relevant and only served to inflame the jury and/or allowed it to infer her guilt in this case. We disagree.
 {¶ 8} On appeal, this court will not second-guess a defense attorney's decision to lessen the impact of evidence of a defendant's prior bad acts by having his client testify about them before cross-examination occurs. We will not criticize what appears to be a sound trial strategy. State v. White (1998),82 Ohio St.3d 16, 693 N.E.2d 772.
 {¶ 9} The record before this court shows that all the evidence defendant now objects to had been previously presented in statements she made in direct examination. Tr. 422, 446, 451-452. Given the nature of defendant's overall testimony and her defense theory in this case, we cannot conclude that her attorney's decision not to object to the state's questions on these same issues amounts to ineffective trial counsel.
 {¶ 10} Because the eyewitness testimony about the events the night Stephens was hit is so overwhelming, we conclude that defendant's prior arrest warrant, her employment, and the invalidity of her driver's license are harmless. Moreover, defendant has failed to demonstrate how the state's questions prejudiced her or how the outcome of her trial would have been different. We find no merit in this part of defendant's argument.
 {¶ 11} Defendant also questions her attorney's effectiveness because he did not object to the state's questions to Stephens about his injuries and the length of his hospital stay. Defendant argues that the state's questions and Stephens' responses served to fuel the jury's sympathy for Stephens.
 {¶ 12} Acts or omissions by trial counsel which cannot be shown to have been prejudicial may not be characterized as ineffective assistance. State v. Davie, 80 Ohio St.3d 311, 332,1997-Ohio-341, 686 N.E.2d 245. Defendant has not demonstrated how Stephens' testimony prejudiced her or how the outcome of her trial would have been different especially in view of the direct evidence of her guilt.
 {¶ 13} Finally, we need not address defendant's claim that her attorney was ineffective for failing to make a motion for acquittal on count two of the indictment against her. The record shows that her lawyer made such a motion. Tr. 413-414.
 {¶ 14} For the foregoing reasons, defendant's first assignment of error is overruled.
 {¶ 15} The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in and knowingly committed the crime.
 {¶ 16} Defendant contends that the state did not present sufficient evidence she knowingly committed an offense against Stephens.
 {¶ 17} A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 72 L.Ed.2d 652, 102 S.Ct. 2211, citing Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 18} With respect to sufficiency of the evidence, "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.
 {¶ 19} State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 20} When a court reviews a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 21} Defendant in the case at bar was convicted of aggravated assault, which is defined in R.C. 2903.12:
 {¶ 22} * * * [N]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 (1) Cause serious physical harm to another * * *. {¶ 23} Under R.C. 2901.22(B), "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 24} At defendant's trial, the state presented several witnesses who positively identified defendant as the person who struck Stephens with a gold-colored Hyundai Sonata.
 {¶ 25} Eugene Jones testified he encountered defendant at Dave's Drive-Thru the night of July 22, 2003. He stated he had just pulled into the store's parking lot when defendant drove up alongside of him saying "you almost made me hit your car." Tr. 309. Jones described defendant's tone as "aggravated, sarcastic, and smart." Tr. 312. She followed him into the store and continued her verbal attack on him. Tr. 312. Defendant left the store.
 {¶ 26} When he left the store, Jones saw defendant's car hit Stephens. He was in the air and "he bounced off the side of the car and slid to the curb and the car kept going." Tr. 322. Jones positively identified defendant as the person he had argued with and who was driving the car that hit Stephens. Tr. 324.
 {¶ 27} Randall Hunt, also a customer at the drive-through on July 22, 2003, described what he saw when he came out of the store.
 {¶ 28} When I came out of the Drive Thru, I seen her like backing up whipping the wheel. She almost hit Taurus. Taurus jumped back and hit her. She got on her cell and she was like she will be back. When he hit her she drove away.
 {¶ 29} Tr. 340. Hunt described the events that transpired after defendant drove away.
 {¶ 30} Q: How is it that you were able to appreciate that the defendant's vehicle, the vehicle that you saw the defendant in, was back on the roadway? How did you come to that observation?
 {¶ 31} A: Because I am standing right here at the corner. I see when she pulled out and flew up the street and turned in Tops parking lot. That's on the left side.
 {¶ 32} * * *
 {¶ 33} Q: * * *. At the point where you saw Mr. Stephens and Mr. Marcellous walking in the street, where is the car?
 {¶ 34} A: Coming out of Tops parking lot, flying down the street, no headlights. And he walked in front, * * * and she hit him. She had no headlight on. Kept going.
 {¶ 35} Q: Did you see Mr. Stephens' body react to the impact of the collision?
 {¶ 36} A: Yes, ma'am.
 {¶ 37} Q: What did you see happen to the person?
 {¶ 38} A: Well, when she flying, when she hit him, his head hit the windshield first, because she hit him again. He was like about a hundred feet in the air, until he land across the street * * *.
 {¶ 39} Tr. 345-347. Hunt was certain it was defendant who was driving the car that hit Stephens because "I seen the driver in the drive-thru. That's the only time I really seen her face. But I knew the car, because when I saw when she turned into the parking lot and came right down. And she was the only car on the street." Tr. 348. When he was shown photos marked as State's Exhibit 17-B and Exhibit 5, Hunt identified the car defendant was driving. Hunt knew it was the same car because of its Florida license tags and the shattered windshield. The state presented two other witnesses who were customers at the drive-through the night of the 22nd. David Walker's testimony is consistent with what Jones described. Walker saw defendant arguing with Jones and also saw her car strike Stephens. Marcellous Robinson testified he saw defendant arguing and told her to drive away before there was any trouble. Robinson's testimony confirms Hunt's and Walker's description of defendant and her car. Tr. 244-259.
 {¶ 40} On the record before this court, the state's evidence establishes that defendant knowingly caused Stephens serious physical harm. Before running Stephens down with her car, defendant had argued with him, and as she was speeding away, he hit her. If this evidence were believed, a juror could be convinced defendant was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by Stephens hitting her. On this record of the evidence viewed in a light favorable to the prosecution, we conclude defendant's criminal intent, albeit provoked, to knowingly cause physical harm was sufficiently established beyond a reasonable doubt. Accordingly, defendant's second assignment of error is overruled.
 {¶ 41} APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 42} "When a court reviews the manifest weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2D 541, 545-546. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id, citing Tibbs v. Florida (1982) 457 U.S. 31, at 42. In a challenge to the manifest weight of the evidence, a court reviews the record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflict in the evidence, the jury clearly lost its way * * *." Thompkins, 387.
 {¶ 43} In the case at bar, the only conflicting testimony is that of defendant. She testified she was not anywhere near the drive-through the night Stephens was run down. Defendant told the jury she had come out of a local bar when she noticed several men who began verbally harassing her. She got into her car, a gold Hyundai Sonata, and drove away.
 {¶ 44} As she drove away, defendant saw the men from the bar following her in two cars. Afraid, defendant sped up only to find herself caught between the two cars as all three vehicles sped through the streets. Defendant testified that at some point two more cars joined the others chasing her. As she attempted to turn down a side street, defendant says she lost control of the car and crashed into a tree.
 {¶ 45} Defendant's testimony is not credible. Four different witnesses testified about the events that occurred at the drive-through. All four people were credible. Each of them positively identified defendant and the car that hit Stephens. Three of the four — Jones, Hunt, and Walker-personally saw defendant run Stephens down. Moreover, State's Exhibit 2, a photograph of the gold Hyundai driven by defendant, shows some damage consistent with it having been driven into a tree in the manner described by defendant. The state does not dispute defendant crashed the gold Hyundai as she claims. The state's various witnesses, however, specifically described the windshield and the damage caused to it when Stephens' body was thrown up into it. Defendant offers no explanation of the car's shattered windshield.
 {¶ 46} On the record before this court, we cannot conclude the jury lost its way in convicting defendant for the aggravated assault on Stephens. The jury's verdict, therefore, is not against the manifest weight of the evidence. Defendant's second assignment of error is without merit.
Because defendant's fifth assignment of error is dispositive of her claimed sentencing errors, we address it out of sequence.
 {¶ 47} The trial court erred when it imposed more than the minimum term of imprisonment on appellant without making the necessary findings required by R.C. 2929.14(B).
 {¶ 48} Defendant argues that the trial court did not make the findings necessary to justify its imposition of more than a minimum sentence since she had never served a prison term before.
 {¶ 49} In part, R.C. 2929.14(B) provides that a minimum prison term is appropriate for a first offender, "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131; State v. Halmi, (Aug. 16, 2001), Cuyahoga App. No. 78485. The record of the sentencing hearing must reflect that the court found that either or both of the statutory reasons for exceeding the minimum term warrants a longer sentence.
 {¶ 50} In the case at bar, the trial court failed to make either of the mandatory findings set forth in R.C. 2929.14(B). There is nothing in the sentencing transcript demonstrating that the trial court considered a minimum term. Accordingly, the court failed to meet the mandated statutory requirements.
 {¶ 51} Moreover, because of the United States Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531,159 L.Ed.2d 403, (2004), we are compelled to make an additional observation about the sentencing in this case.
 {¶ 52} In Blakely, the Court determined that a sentencing statute in the State of Washington was unconstitutional under the following circumstances. The facts petitioner admitted in his guilty plea supported a maximum sentence of only 53 months. At sentencing, however, "the trial judge imposed a 90-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range." Id. The Court determined that this sentencing scheme violated petitioner's Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. The Court further explained:
 {¶ 53} In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment,"Bishop, supra, § 87, at 55, and the judge exceeds his proper authority.
 {¶ 54} Id., at 2537, 159 L.Ed.2d 414.
 {¶ 55} In the case at bar, the trial record supports a minimum term of incarceration for defendant's crimes. In order to impose more than a minimum term, however, the trial court had to make one of two additional factual findings: that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. The question is whether a defendant'sSixth Amendment rights are violated, under Blakely, if the court, rather than a jury, makes these findings and specifically determines any facts upon which the findings rest that affect the sentence. Because the applicability of Blakely was not raised in the case at bar and, therefore, was not briefed, we decline to address this issue here, but we note the trial court may wish to ask that this issue be briefed and consider it during resentencing.
 {¶ 56} For the foregoing reasons, we sustain defendant's fifth assignment of error. Accordingly, we vacate defendant's sentence and remand this cause to the trial court for resentencing.
Judgment accordingly.[2]
It is ordered that appellee and appellant share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs.
 Dyke, P.J., Concurs in Judgment only.
[1] Defendant was originally indicted on two counts of felonious assault, both second degree felonies. Defendant was acquitted on the first count of the indictment, but found guilty on the second count of the indictment for the lesser included offense of aggravated assault.
[2] Defendant's Fourth Assignment of Error reads as follows: "IV THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE WITHOUT MAKING THE APPROPRIATE FINDINGS REQUIRED BY R.C. 2929.13ES [SIC]." Because defendant's Fifth Assignment of error is dispositive of the sentencing errors she asserts in this appeal, Assignment of Error IV is moot.