JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Daryl DeVaughn ("defendant"), appeals from the judgment entered pursuant to a bench trial finding him guilty of two counts of aggravated assault, in violation of R.C. 2903.12. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On the afternoon of November 9, 2003, Dennis Ranch ("Ranch"), sustained injuries to his head and arm, which required medical attention. He maintained that these injuries were the result of an altercation with defendant at the defendant's home during which he had been hit in the head and arm with a pipe. Defendant contended that he struck Ranch only after Ranch pushed defendant's wife and pregnant daughter.
 {¶ 3} On January 28, 2004, the Cuyahoga County Grand Jury indicted defendant for two counts of felonious assault, in violation of R.C. 2903.11 and one count of domestic violence, in violation of R.C. 2919.25.
 {¶ 4} On May 18, 2005, defendant's bench trial began. At trial, the State alleged that defendant knowingly caused serious physical harm to Ranch. Defendant asserted self-defense. The State first presented the testimony of Ranch, who stated that defendant is his brother-in-law and is married to his sister, Barbara. He stated that he went over to defendant's house to collect some money that defendant owed him. He testified that he was talking to Barbara when defendant suddenly entered the room and hit him with a pipe in the head and forearm. As a result of the incident, Ranch received nine stitches to his head and a fractured arm.
 {¶ 5} The State next called Detective Earl Brown of the Cleveland Police Department. He said that he was assigned to the case and spoke with Ranch, the defendant, and Barbara. Det. Brown verified that he included a statement made by Ranch into the police report. Specifically, that Ranch told him that he was having an argument with defendant when defendant hit him with the pipe. Det. Brown also stated that Barbara never told him that Ranch was intoxicated and that she admitted that defendant hit Ranch with a pipe.
 {¶ 6} The defense presented three witnesses: Theresa DeVaughn, Barbara DeVaughn, and the defendant. Theresa, defendant's daughter, testified that she let Ranch into the house and that he was drunk and slurring his speech. She testified that Ranch was yelling at her father and she and her mother tried to restrain him. She said that Ranch shoved her and pushed her mother into a table. She did not make a statement to the police.
 {¶ 7} Next, Barbara testified that Ranch was drunk and belligerent when he came to their house. She said that Ranch was trying to get to defendant and that she tried to intervene. She said that Ranch pushed her into a table and a lamp broke. She stated that she did not see defendant hit Ranch. On cross-examination, she admitted that she spoke with Det. Brown but denied telling him that she saw defendant hit Ranch with a pipe.
 {¶ 8} Finally, defendant testified on his own behalf. He stated that Ranch came to his house drunk and ranting about money. He stated that he grabbed a pipe and hit Ranch only after Ranch shoved his daughter and wife.
 {¶ 9} On May 18, 2005, the trial court found that defendant had not acted in self-defense, but that because Ranch provoked defendant's anger, defendant was guilty only of aggravated assault. On March 23, 2005, the court placed defendant on six months of community control.
 {¶ 10} Defendant appeals the verdict and raises two assignments of error for our review.
 {¶ 11} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the State failed to present sufficient evidence to sustain a conviction."
 {¶ 12} In his first assignment of error, defendant argues that the evidence was insufficient to support his conviction for aggravated assault because he was acting in self-defense. We disagree.
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 15} Defendant contends that he acted in self-defense when he hit Ranch with the pipe. Self-defense is an affirmative defense that excuses or justifies a use of force, which would otherwise result in a criminal conviction. To establish self-defense, a defendant must show by a preponderance of the evidence that: (1) the offender was not at fault in creating the situation giving rise to the altercation; (2) the offender has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the offender must not have violated any duty to retreat or avoid the danger. State v.Melchior (1978), 56 Ohio St.2d 15, 20-21; Cleveland v.Williams, Cuyahoga App. No. 81369, 2003-Ohio-31.
 {¶ 16} Here, defendant testified that Ranch initiated the fight by coming to his house drunk and belligerent and shoving his wife and daughter. Defendant testified that Ranch has a history of getting violent when he is drunk. He admitted that Ranch did not have a weapon and that, after striking Ranch, he walked away to the back of the house. Theresa and Barbara both testified that Ranch was drunk, yelling at defendant and pushed them. Barbara also testified that Ranch did not have a weapon. In contrast, Ranch testified that he was not fighting with the defendant and that the defendant suddenly appeared and hit him with a pipe. However, Det. Brown also testified that Ranch told him that the two men had been fighting. Given the conflicting testimony, which must be viewed in a light favorable to the State, the trial court could reasonably have believed that defendant did not act in self-defense when he struck Ranch. Specifically, since Ranch was not armed at the time of the altercation, defendant was not in imminent danger of death or bodily harm. Accordingly, the trial court's decision to reject defendant's claim of self-defense is supported by sufficient evidence in the record. See, e.g., State v. Stephens, Trumbull App. No. 2001-T-0044, 2002-Ohio-2976.
 {¶ 17} Defendant also contends that the record contains insufficient evidence that he knowingly caused serious physical harm to Ranch, regardless of his self-defense claim. Again, we disagree.
 {¶ 18} R.C. 2903.12 defines the crime of aggravated assault as follows:
 {¶ 19} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 20} "(1) Cause serious physical harm to another * * *."
 {¶ 21} Under R.C. 2901.22(B), "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 22} At trial, Ranch testified that defendant hit him in the head and forearm with a metal pipe. Indeed, defendant himself admitted to hitting Ranch with the pipe.
 {¶ 23} When viewed in the light most favorable to the State, this evidence is sufficient to show that defendant knowingly caused serious physical harm to Ranch. Before hitting Ranch with the pipe, defendant and Ranch had argued and Ranch had pushed defendant's wife and daughter. If this evidence was believed, the trial court could find that defendant was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by Ranch ranting about money and pushing his wife and daughter. Accordingly, we find that defendant's criminal intent, albeit provoked, to knowingly cause physical harm was sufficiently established beyond a reasonable doubt. See State v.Hairston, Cuyahoga App. No. 82842, 2004-Ohio-5203. Accordingly, the State met its burden of production at trial and the trial court properly denied the defendant's motion for acquittal.
 {¶ 24} Assignment of Error I overruled.
 {¶ 25} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 26} In his second assignment of error, defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 27} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 28} Here, Ranch testified that defendant hit him in the head and forearm with a metal pipe. Defendant admitted that he hit Ranch with the metal pipe. Although there is considerable testimony that Ranch was drunk, belligerent and shoved defendant's wife and daughter, a conviction was warranted in light of the overwhelming amount of evidence produced at trial. Moreover, the trial court found defendant guilty of aggravated assault, a lesser included offense, which decision demonstrates that the trial court considered that defendant was provoked by Ranch into acting.
 {¶ 29} Under these circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument. Upon careful review of the testimony and evidence presented at trial, we hold that the court did not act contrary to the manifest weight of the evidence in finding defendant guilty of aggravated assault. We find there to be substantial, competent, and credible evidence upon which the court could base its decision that defendant knowingly caused serious physical harm to Ranch.
 {¶ 30} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Rocco, J., concur.