JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Felicia Penland appeals from her convictions after the trial court found her guilty of two counts of aggravated assault.
 {¶ 2} Penland presents one assignment of error in which she argues her convictions are based upon insufficient evidence, since the victim himself claimed that during the incident, Penland acted in self-defense.
 {¶ 3} After a review of the record, however, this court cannot agree the trial court's decision is improper. Consequently, Penland's convictions are affirmed.
 {¶ 4} Penland's convictions result from an altercation that occurred on June 19, 2005. She suspected her boyfriend, Gene Patterson, was unfaithful, and had confronted him with her suspicions upon his arrival at her home the previous night. The confrontation sparked an argument, which remained unresolved when the couple retired for the night.
 {¶ 5} The argument thus continued the following morning. Patterson indicated that it eventually escalated into a physical fight; he testified that he "grabbed" Penland and "pushed" her into the kitchen, where they were "tussling" and wrestling with each other. He admitted he was "hitting" her during the fight.
 {¶ 6} Patterson further testified that, in the kitchen, Penland picked up a knife from the stove. Once she possessed the weapon, "she was trying to stab [him.]" Although he attempted to "block it so she couldn't," he was unsuccessful; he stated that Penland "ended up stabbing" him in his right shoulder. The fight halted when they both saw the wound "gushing out blood." Later examination by the emergency room doctor indicated Patterson received a "gaping" wound three inches in length that required several subcutaneous sutures to close.
 {¶ 7} Penland subsequently was indicted on two counts of felonious assault in connection with the incident. The case proceeded to trial before the bench.
 {¶ 8} The state presented the testimony of Patterson and of Michael Grida, the police detective assigned to the case. Grida testified that Penland provided an oral description of the incident; she told him Patterson attacked her "from behind" with "two knives," but, by accident, stabbed himself.[1]
 {¶ 9} Grida stated Penland even demonstrated the version of the altercation that she provided. As reinacted by Penland, Patterson wrapped his arms around her neck and she displaced them by pushing up against his elbows, thereby causing the knives to arch backward. However, Grida indicated that the demonstration seemed improbable given Penland's size and weight when compared with the smaller Patterson.
 {¶ 10} The trial court overruled Penland's motion for acquittal of the charges. Upon the conclusion of the evidence, the trial court determined Penland was not guilty of felonious assault, but was guilty of two counts of aggravated assault, offenses of inferior degree. The convictions were merged for the purposes of sentencing. The court ultimately sentenced Penland to a six-month term of conditional community control sanctions.
 {¶ 11} Penland challenges her convictions with one assignment of error, as follows:
 {¶ 12} "The trier of fact lacked sufficient evidence to convict defendant of aggravated assault."
 {¶ 13} In her assignment of error, Penland argues that since Patterson testified that Penland acted in self-defense during the altercation, the trial court's determination that she was guilty of aggravated assault is unsupported by the evidence.[2]
Penland's argument, however, is unpersuasive.
 {¶ 14} In order to determine whether the evidence is sufficient to sustain a conviction, the court must view the evidence presented, and the reasonable inferences therefrom, in a light most favorable to the prosecution. State v. Dennis,79 Ohio St.3d 421, 430, 1997-Ohio-372; State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 15} Aggravated assault is an offense of inferior degree to that of felonious assault; it contains the same elements but with the addition of the existence of a mitigating circumstance, viz., that of serious provocation. State v. Coleman, Cuyahoga App. No. 80595, 2002-Ohio-4421, ¶ 18. The provocation must be caused by the victim and must bring on "extreme stress" which incites the defendant into using deadly force. Thus, the court must consider the emotional state of the defendant and the conditions that surrounded her at the time. State v. Deem (1988),40 Ohio St.3d 205, paragraph five of the syllabus.
 {¶ 16} Self-defense, on the other hand, is an affirmative defense that completely excuses or justifies the use of force which would otherwise result in a conviction. State v.DeVaughn, Cuyahoga App. No. 86869, 2006-Ohio-3359, ¶ 15. This defense has three elements: 1) the defendant was not at fault in creating the violent situation; 2) the defendant had a bona fide belief that she was in imminent danger of death or great bodily harm and that the only means of escape was the use of force; and, 3) the defendant did not violate any duty to retreat. State v.Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, citing State v.Thomas (1997), 77 Ohio St.3d 323, 326.
 {¶ 17} In this case, the evidence indicated that both Penland and Patterson equally were at fault in creating the situation. Id. Patterson testified that, upon waking that day, Penland ignored him, so he asked her if she was "still mad," and she repeated her accusation of infidelity before walking toward the kitchen. He stated he pursued, pushed and grabbed at her; thus, the two of them began "tussling."
 {¶ 18} As he testified, Patterson continued to escalate his role in the altercation. He admitted he had never sought to use a weapon against Penland; nevertheless, he eventually indicated he struck at Penland with a desire to hurt her, so that "she really had no choice but to grab a knife."
 {¶ 19} From this evidence, the trial court reasonably could conclude that Penland intended to harm Patterson, and, although he was unarmed, his behavior was such that he provoked Penland into using the weapon. State v. DeVaughn, supra at ¶ 16. On the other hand, Patterson admitted that previous to this incident, he never had violently threatened Penland with any sort of weapon. Moreover, the trial court could compare his relative size and weight with Penland's to conclude that Penland, during the incident, could not have possessed a bona fide belief she needed to use deadly force to resolve the situation.
 {¶ 20} Since the evidence, therefore, supports the trial court's conclusion, Penland's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Corrigan, J. concur.
[1] The evidence demonstrated Patterson came forward with the same story in a letter he wrote to defense counsel while Penland's case was pending; Patterson admitted during trial that the story was untrue.
[2] This court previously has observed that such an argument is properly raised in a "manifest weight challenge" rather than a challenge to the sufficiency of the evidence. State v. Coleman,
Cuyahoga App. No. 80595, 2002-Ohio-4421, ¶ 30. Nevertheless, since the same argument was raised in State v. DeVaughn,
Cuyahoga App. No. 86869, 2006-Ohio-3359 at ¶ 12, this court will attempt to address it in the same manner.