JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Guido Tirabassi ("defendant") appeals from the judgment entered pursuant to a bench trial finding him guilty of aggravated assault, in violation of R.C. 2903.12. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record presented to us on appeal reveals the following: On the afternoon of August 26, 2003, Ralph Butler ("Butler"), a 79-year-old man, sustained facial injuries, which required medical attention. He maintained that these injuries were the result of an altercation with defendant, a 52-year-old man, at the SS Lounge during which he had been threatened, pushed to the ground, and kicked in the head and face. Defendant contended that he struck Butler only after Butler called him a name and threw a punch at him first.
 {¶ 3} On October 29, 2003, the Cuyahoga County Grand Jury indicted defendant for one count of felonious assault, in violation of R.C. 2903.11.
 {¶ 4} On June 23, 2004, defendant's bench trial began. At trial, the State alleged that defendant knowingly caused serious physical harm to Butler. Defendant asserted self-defense. The State first presented the testimony of Butler who indicated that he was having drinks with two friends at the SS Lounge when defendant entered the bar in a loud and drunken manner and immediately threatened to "kick his ass." He testified that he either slipped or was pushed to the ground by the defendant and then kicked in the face and head by him while he was on the floor. As a result of the fight, Butler received 14 stitches to his lip.
 {¶ 5} The State next presented the testimony of John O'Donnell, one of the friends that was with Butler on the afternoon of the assault. He testified that he saw Butler and the defendant exchange words. He did not see who threw the first punch but did see defendant kick Butler once he was on the floor.
 {¶ 6} The State then called Nancy Valencic, another patron of the SS Lounge and witness to the fight. She testified that she heard Butler and defendant arguing and Butler calling defendant a "fag." She saw Butler get up first and approach defendant. She saw a man try to step in between the two men. She saw both men pushing and shoving and then Butler fell to the floor. She stated that she is a bartender at a couple different bars, knows defendant from these bars, and has asked him to leave these establishments on several occasions because he uses loud and vulgar language.
 {¶ 7} Edward Burrington, another patron of the bar, was called next. He stated that Butler kept calling defendant a fag and telling him that he would "kick his ass." He said that defendant "brushed" it off until he finally got up and hit Butler. He saw defendant in the hallway shortly thereafter being beat up by other people in the bar.
 {¶ 8} The State called Officer Timothy Verh of the Euclid Police Department. He said that he responded to the scene and spoke with Butler, the defendant, and several other individuals who were at the bar. He stated that defendant was bleeding from the head and told him that he had been assaulted by several males in the lobby of the bar. During his testimony, portions of the police report were read aloud. Officer Verh verified that he included a statement made by Butler at the scene into the police report. Specifically, that Butler stated he was tired and fed up with hearing defendant swear and was going to settle it physically with him.
 {¶ 9} The defense presented two witnesses: David Headley ("Headley") and the defendant. Headley, the friend that defendant was meeting at the SS Lounge on the afternoon of the incident, testified that Butler called defendant a "fag" and threatened to "beat the shit" out of him as defendant entered the bar. He heard words being exchanged between them and saw Butler leave his seat and approach the defendant. He tried to step in between the two of them and was knocked out of the way as Butler tried to swing at the defendant. He saw defendant then hit Butler and use his foot to restrain Butler as he tried to get up. He saw two individuals follow defendant into the hallway of the bar. On cross-examination, he stated that defendant sometimes gets loud and obnoxious at bars but did not know if he had ever been asked to leave because of this behavior.
 {¶ 10} Finally, defendant testified on his own behalf. He stated that he said hello to Butler as he entered the bar and that Butler responded with insults. He demanded an apology from Butler and then they started arguing. He stated that Butler threw a punch at him and he hit back knocking him to the floor. He stated that he did not kick Butler but merely used his foot to keep Butler on the ground so that he would not hit him again. As he was leaving the bar, he was attacked by two men, which resulted in a broken nose and stitches to his head.
 {¶ 11} On June 23, 2004, the trial court found that defendant had not acted in self-defense, but that because Butler provoked defendant's anger, defendant was guilty only of aggravated assault. On August 4, 2004, the court placed defendant on four years of community control.
 {¶ 12} Defendant appeals the verdict and raises three assignments of error for our review.
 {¶ 13} "I. The admission of prior acts evidence constituted plain error."
 {¶ 14} In his first assignment of error, defendant argues that he was unfairly prejudiced when the trial court allowed the State to elicit testimony from two witnesses regarding his past behavior in drinking establishments. Since defendant's attorney failed to object during the State's examination, we will review under a plain error standard. Statev. Long (1978), 53 Ohio St.2d 91. Plain error exists when but for the error the outcome of the trial would have been different. State v.Moreland (1990), 50 Ohio St.3d 58, 62.
 {¶ 15} Evid.R. 404(B) states:
 {¶ 16} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 17} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine if it was error to allow the testimony and, if so, whether such error was prejudicial or harmless.State v. Davis (1975), 44 Ohio App.2d 335. An error is harmless if it does not affect a substantial right of an accused. Crim.R. 52(A).
 {¶ 18} Here, the "other act" evidence pertained to defendant's use of loud and foul language in other drinking establishments and being asked to leave for that reason. This "other act" evidence was not admissible under any of the exceptions listed under Evid.R. 404(B). However, we find that counsel's failure to object was not prejudicial to defendant's case.
 {¶ 19} First, the error in the admission of this evidence was harmless as there was no reasonable possibility that this testimony contributed to defendant's conviction. In a bench trial, there is a presumption that the court considered only relevant, material and competent evidence. Statev. Bays (1999), 87 Ohio St.3d 15, 27, 1999-Ohio-216; State v. Larkins
(Nov. 10, 1993), Cuyahoga App. Nos. 63760, 63761; State v. Cottrell
(Feb. 19, 1987), Cuyahoga App. No. 51576. Here, the defendant was found guilty of aggravated assault, a lesser included offense, which demonstrates that the trial court considered that defendant was provoked by Butler into acting.
 {¶ 20} Next, a conviction was warranted in light of the overwhelming independent evidence of guilt. Specifically, four witnesses testified that defendant pushed or punched Butler and then kicked him while he was on the floor. Accordingly, the admission of the "other act" evidence did not affect a substantial right of the defendant and merely amounted to harmless error. See State v. Benjamin, Cuyahoga App. No. 80654, 2003-Ohio-281.
 {¶ 21} ASSIGNMENT OF ERROR I IS OVERRULED.
 {¶ 22} "II. APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO OBJECT TO INADMISSIBLE OTHER ACTS TESTIMONY."
 {¶ 23} In his second assignment of error, defendant argues that he received ineffective assistance of counsel when his attorney failed to object to the admission of the testimony discussed above. In order to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984),466 U.S. 668. As we discussed supra, we do not find that the evidence in question prejudiced the defendant. Accordingly, there is no reasonable probability that the failure to object affected the outcome of the trial. See State v. Dotson, Clark App. No. 2003 CA 34, 2004-Ohio-6875.
 {¶ 24} Assignment of Error II is overruled.
 {¶ 25} "III. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT WAS GUILTY OF AGGRAVATED ASSAULT."
 {¶ 26} In his third assignment of error, defendant argues that the evidence was insufficient to support his conviction for aggravated assault because he was acting in self-defense. We disagree.
 {¶ 27} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 28} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 29} Defendant contends that he acted in self-defense when he pushed and kicked Butler. Self-defense is an affirmative defense that excuses or justifies a use of force which would otherwise result in a criminal conviction. To establish self-defense, a defendant must show by a preponderance of the evidence that: (1) the offender was not at fault in creating the situation giving rise to the altercation; (2) the offender has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the offender must not have violated any duty to retreat or avoid the danger. State v. Melchior (1978), 56 Ohio St.2d 15,202-1; Cleveland v. Williams, Cuyahoga App. No. 81369, 2003-Ohio-31.
 {¶ 30} Here, defendant testified that Butler initiated the fight by calling him a "fag," approaching him, and throwing the first punch. Defendant testified that he was scared when Butler told him to stand up and that he only kicked Butler in the face as a "knee jerk" reaction. He admitted that he could have walked away from the situation. Defendant's friend, David Headley, testified that Butler approached defendant first and threw the first punch. However, the testimony of other witnesses was conflicting. Butler testified that defendant entered the bar in a loud and drunken manner, threatened to "kick his ass," pushed him down, and kicked him in the face and head. John O'Donnell testified that defendant and Butler exchanged words and that defendant kicked Butler in the face while he was on the floor. Nancy Valencic testified that she heard Butler call defendant a fag and approach him first, but only saw defendant push Butler to the floor. Edward Burrington testified that Butler called defendant a fag but that defendant punched Butler. Given the conflicting testimony that was presented, the trial court could reasonably have believed that defendant, a 52-year-old man, did not act in self-defense when he struck Butler, a 79-year-old man. Accordingly, the trial court's decision to reject defendant's claim of self-defense is supported by sufficient evidence in the record. See, e.g., State v. Stephens, Trumbull App. No. 2001-T-0044, 2002-Ohio-2976.
 {¶ 31} Defendant also contends that the record contains insufficient evidence that he knowingly caused serious physical harm to Butler, regardless of his self-defense claim. Again, we disagree.
 {¶ 32} R.C. 2903.12 defines the crime of aggravated assault as follows:
 {¶ 33} "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: "(1) Cause serious physical harm to another * * *."
 {¶ 34} Under R.C. 2901.22(B), "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 35} At trial, four witnesses testified that defendant pushed Butler to the ground and then kicked him in the face and on top of his head. Indeed, defendant himself admitted pushing Butler to the floor and kicking him.
 {¶ 36} When viewed in the light most favorable to the State, this evidence is sufficient to show that defendant knowingly caused serious physical harm to Butler. Before pushing and kicking Butler, defendant and Butler had argued and Butler had taken a swing at defendant. If this evidence was believed, the trial court could find that defendant was under the influence of sudden passion or in a sudden fit of rage, either of which was brought on by Butler calling defendant a fag and trying to hit him. Accordingly, we find that defendant's criminal intent, albeit provoked, to knowingly cause physical harm was sufficiently established beyond a reasonable doubt. See State v. Hairston, Cuyahoga App. No. 82842, 2004-Ohio-5203. Accordingly, the State met its burden of production at trial and the trial court properly denied the defendant's motion for acquittal.
Assignment of Error III overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Kilbane, J., concur.