[Cite as *State v. Doss*, **2019-Ohio-436**.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

STATE OF OHIO

    Appellee

    v.

CHRISTOPHER A. DOSS

    Appellant

C.A. No.     18AP0027

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2017 CR-B 001258

DECISION AND JOURNAL ENTRY

Dated: February 11, 2019

CALLAHAN, Judge.

**{¶1}** Appellant, Christopher Doss, appeals his conviction by the Wayne County Municipal Court. This Court affirms.

I.

**{¶2}** On the evening of July 19, 2017, the Wooster Police Department received a 911 call reporting an altercation between Mr. Doss and his girlfriend, A.V. A Wooster police officer arrived at the scene seven minutes after the dispatch went out, and he encountered A.V. walking barefoot north of Mr. Doss's residence. When the officer made contact with A.V., he noted her obvious injuries and that she appeared "visibly upset" and "[i]t looked like she kind of left in a hurry." The officer asked A.V. what had happened, and she informed him that she had been in a physical altercation with Mr. Doss in their bedroom. Two officers made contact with Mr. Doss at his residence. He acknowledged that he had argued with A.V., but denied a physical altercation.

{¶3}  The officers placed Mr. Doss under arrest and he was charged with domestic violence in violation of R.C. 2919.25(A) and unlawful restraint in violation of R.C. 2905.03(A). Because A.V. did not appear as a witness for Mr. Doss's bench trial, the State's only witnesses were the two police officers who responded to the scene.  Mr. Doss testified in his own defense. The trial court found Mr. Doss not guilty of unlawful restraint, but guilty of domestic violence, sentenced him to 165 days in jail, and fined him $200.  Mr. Doss appealed.  His six assignments of error are rearranged for purposes of discussion.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADMITTING AND RELYING ON TESTIMONIAL HEARSAY IN VIOLATION OF MR. DOSS'S SIXTH AMENDMENT RIGHT TO CONFRONT HIS ACCUSER.

### ASSIGNMENT OF ERROR NO. 6

IF THIS COURT FINDS THAT TRIAL COUNSEL DID NOT OBJECT TO TESTIMONIAL HEARSAY, THE TRIAL COURT COMMITTED PLAIN ERROR BY ADMITTING AND RELYING ON TESTIMONIAL HEARSAY IN VIOLATION OF MR. DOSS'S SIXTH AMENDMENT RIGHT TO CONFRONT HIS ACCUSER.

{¶4}  In his first assignment of error, Mr. Doss argues that the trial court erred by permitting Officer Carl Festa to testify regarding statements made by A.V.  Mr. Doss objected to this testimony at trial, but did not object on the basis that the testimony violated the Confrontation Clause.  He has forfeited all but plain error in this respect but, because "error * * * [is] the starting point for a plain-error inquiry," our analysis is the same.  *See State v. Hill*, 92 Ohio St.3d 191, 200 (2001); Crim.R. 52(B).

{¶5}  The Sixth Amendment to the United States Constitution guarantees an accused the right to confront witnesses against him.  *Crawford v. Washington*, 541 U.S. 36, 54 (2004).

The Confrontation Clause is implicated by the admission of out-of-court statements that are testimonial in nature when the declarant does not testify in the proceeding. *See Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 309–310 (2009). Only testimonial statements make a declarant a "witness" for purposes of the Confrontation Clause, and "[i]t is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006).

{¶6} Statements are testimonial when "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id*. at 822. This determination focuses on the expectations of the declarant, and the intentions of the questioner are only relevant to the extent that they bear on the expectations formed by a reasonable declarant. *State v. Stahl*, 111 Ohio St.3d 186, 2006-Ohio-5482, paragraph two of the syllabus. This is an objective inquiry that takes into account the totality of the surrounding circumstances. *See State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 156. Although not determinative of the Confrontation Clause issue, "[i]n making the primary purpose determination, standard rules of hearsay, designed to identify some statements as reliable, will be relevant." *Michigan v. Bryant*, 562 U.S. 344, 358-359 (2011).

{¶7} In *Davis*, the United States Supreme Court considered two situations in which police officers testified regarding statements made to them in the course of responding to incidents of domestic violence. In one case, the Court concluded that the declarant's statements were not testimonial in nature; in the other, the Court reached the opposite conclusion. The Court noted four factors present in those cases that tended to characterize nontestimonial statements: (1) close proximity in time to the events in question, (2) the presence of an ongoing

emergency, (3) the nature of the questions asked and responses received, and (4) the level of formality present in the questioning. *Id.* at 827, 829-830. The Court emphasized that in domestic disputes, "'[o]fficers called to investigate * * * need to know whom they are dealing with in order to assess the situation, the threat to their own safety, and possible danger to the potential victim.'" (Alterations in original.) *Id*. at 832, citing *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty.*, 542 U.S. 177, 186 (2004). Consequently, the Court noted, inquiries made at the scene in the form of "'initial inquiries'" may often produce nontestimonial statements. *Davis* at 832.

{¶8} In this case, the trial court admitted a portion of Officer Festa's testimony about his encounter with A.V. over counsel's objection that it amounted to hearsay because it fell into the "excited utterance" exception to the hearsay rule set forth in Evid.R. 803(2). Officer Festa's testimony established, in fact, that A.V. was "visibly upset" and "kind of hysterical, kind of frantic" when he found her. Contrary to the State's position, however, the fact that her statements to Officer Festa constituted excited utterances, at least in part, does not resolve the Confrontation Clause issue. "'[T]estimony may be admissible under the Confrontation Clause yet inadmissible under the rules of evidence, and vice versa, [so] the declarant's statements must fall within the constitutional requirements *and* the rules of evidence to be admissible.'" (Emphasis in original.) *See State v. Miller*, 9th Dist. Lorain No. 14CA010556, 2016-Ohio-4993, ¶ 11, quoting *State v. Nevins*, 171 Ohio App.3d 97, 2007-Ohio-1511, ¶ 36 (2d Dist.).

{¶9} Nonetheless, the character of her statements as excited utterances is one aspect of the surrounding circumstances that informs this Court's analysis. *See Bryant*, 562 U.S. at 358-359. Officer Festa testified that he responded to the neighborhood of Mr. Doss's residence within minutes of the dispatch in response to a 911 call and that he found A.V. walking barefoot

"a couple hundred yards" away from the residence. He noted that she "looked like she kind of left in a hurry," and she exhibited visible injuries. In response to her circumstances, Officer Festa asked A.V. what happened, and she responded that "there was a physical altercation in the bedroom" during which "[Mr. Doss] grabbed her around the neck and then dragged her around the bedroom[,] which ended up cutting her back on a wicker basket[.]"

{¶10} By any measure, these statements do not run afoul of the Confrontation Clause. A reasonable declarant in A.V.'s circumstances encountering a law enforcement officer a short time after the events in question would not perceive that her statements were made in order to prove past events in a later criminal prosecution. *Compare State v. Wallace*, 35 Ohio St.3d 87, 89 (1988), quoting *Potter v. baker*, 162 Ohio St. 488 (1955), paragraph two of the syllabus (explaining that excited utterances occur under circumstances in which a startling occurrence "'produc[es] a nervous excitement in the declarant, which [is] sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective.'")

{¶11} A.V.'s statements are also nontestimonial when measured by the factors identified in *Davis*. *See generally Davis*, 547 U.S. at 827, 829-830. Officer Festa responded to the scene within minutes of the dispatch in response to a 911 call, and A.V.'s statements to him were close in proximity to the events in question. Officer Festa noted that A.V. exhibited visible injuries and appeared to have fled the scene of an attack barefoot. The location of her assailant was then unknown. Officer's Festa's initial inquiries were of the type necessary to assess the situation, the threat to his own safety, and possible danger to A.V. *See Davis* at 832. Finally, his inquiries bore few, if any, indicia of the formality that would mark a testimonial statement. *Id.* at 827.

{¶12} A.V.'s statements to Officer Festa do not implicate Confrontation Clause concerns because they were not testimonial in character, and the trial court did not err by permitting Officer Festa's testimony. Mr. Doss's first and sixth assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 5

IF THIS COURT FINDS THAT TRIAL COUNSEL DID NOT OBJECT TO TESTIMONIAL HEARSAY, THEN TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO DO SO.

{¶13} Mr. Doss's fifth assignment of error argues that he received ineffective assistance of counsel because trial counsel failed to object to Officer Festa's testimony, and "there is no doubt that [A.V.'s] statements were testimonial."

{¶14} In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

{¶15} This Court has concluded that A.V.'s out-of-court statements were not testimonial and, consequently, that there was no error in connection with Officer Festa's testimony. In this respect, Mr. Doss has not identified a deficiency in trial counsel's performance. *See State v. McDowell*, 9th Dist. Summit No. 26697, 2014-Ohio-3900, ¶ 18, citing *State v. Williams*, 9th Dist. Summit No. 25716, 2011-Ohio-6604, ¶ 14. Mr. Doss's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THERE WAS INSUFFICIENT EVIDENCE TO FIND MR. DOSS GUILTY OF DOMESTIC VIOLENCE.

{¶16} Mr. Doss's third assignment of error is that his conviction for domestic violence rests upon insufficient evidence. This Court disagrees.

{¶17} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶18} Crim.R. 29(A) provides that a motion for a judgment of acquittal may be made at the close of the State's evidence or at the close of the defendant's case. When a motion is made at the conclusion of the State's case, the trial court must rule at that time without reserving judgment until the defense has rested. *Id.* Consequently, when this Court reviews the denial of a motion for judgment of acquittal under Crim.R. 29(A), we apply the standard set forth in *Jenks* to the evidence presented by the State in its case-in-chief. *See State v. Maxwell*, 9th Dist. Summit No. 24807, 2010-Ohio-4214, ¶ 13. An appellant may also argue that a conviction rests on insufficient evidence apart from Crim.R. 29(A) because due process requires "that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). When this Court

considers this type of sufficiency argument, we apply the *Jenks* standard to *all* of the evidence presented at trial. *See Maxwell* at ¶ 12-13.

{¶19} Mr. Doss did not move for a judgment of acquittal under Crim.R. 29(A) at the close of the State's case, but he has argued on appeal that his conviction rests on insufficient evidence. His failure to move for a judgment of acquittal did not forfeit his sufficiency argument for purposes of appeal. *See State v. Feaster*, 9th Dist. Summit No. 26239, 2012-Ohio-4383, ¶ 5. Although this Court may consider all of the evidence presented at trial in connection with this sufficiency argument, *see Maxwell* at ¶ 12-13, we note that the evidence presented in the State's case-in-chief, standing alone, is sufficient to support Mr. Doss's conviction.

{¶20} R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶21} Officer Festa testified that he responded to Mr. Doss's neighborhood after a 911 caller reported an altercation between A.V. and her boyfriend. When he arrived at the scene, he found A.V. walking barefoot in the vicinity of Mr. Doss's residence. Officer Festa observed that she appeared to be "hysterical" and to have left her previous location in haste. He observed red marks around her neck on both sides and fresh abrasions on her left shoulder. When Officer Festa asked A.V. what had happened, she told him that her boyfriend, Mr. Doss, had grabbed her around the neck and dragged her around the bedroom. Officer Festa also photographed A.V.'s injuries, and those photographs were submitted at trial. Officer Daniel Whitmore, who assisted with the investigation, testified that Mr. Doss and A.V. lived together.

{¶22} Based on this evidence, the trier of fact could reasonably conclude beyond a reasonable doubt that Mr. Doss caused physical harm to A.V., who resided in his household. Mr. Doss's conviction for domestic violence is based on sufficient evidence, and his third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE A CRIMINAL RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL AFTER THE CLOSE OF THE STATE'S CASE IN CHIEF.

{¶23} In his second assignment of error, Mr. Doss argues that trial counsel provided ineffective assistance on two additional grounds. This Court disagrees.

{¶24} Mr. Doss's first argument is that trial counsel provided deficient performance by failing to move for a judgment of acquittal at the close of the State's case. In order to demonstrate ineffective assistance of counsel, a defendant most show not only deficiency on the part of trial counsel, but that any deficiency was "so serious as to deprive the defendant of a fair trial[.]" *Strickland*, 466 U.S. at 687. In this respect, a defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694. This Court has concluded that the State presented sufficient evidence in its case-in-chief to support Mr. Doss's conviction for domestic violence. Given that conclusion, Mr. Doss cannot establish that the outcome of his trial would have been different had he moved for a judgment of acquittal after the State presented its evidence.

{¶25} Mr. Doss's second argument is that trial counsel's performance was deficient because he permitted Mr. Doss to testify in his own defense and placed his credibility at issue despite the fact that, in his estimation, the State produced insufficient evidence to support a conviction. As noted above, Mr. Doss's conviction is supported by sufficient evidence. In

addition, in applying the *Strickland* test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689. Tactical decisions, however, do not rise to the level of ineffective assistance. *State v. Bradley*, 42 Ohio St.3d 136, 144 (1989). "The advice provided by [counsel] to his or her client regarding the decision to testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" *State v. Winchester*, 8th Dist. Cuyahoga No. 79739, 2002-Ohio-2130, ¶ 12, quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir.1983). Without evidence in the record suggesting that a defendant's decision to testify resulted from coercion, this tactical decision will not sustain a claim of ineffective assistance. *State v. Garrison*, 5th Dist. Muskingum No. CT2017-0018, 2018-Ohio-463, ¶ 36. The record in this case does not suggest that Mr. Doss was coerced to testify, nor has he made this argument on appeal. Without such support, Mr. Doss cannot demonstrate ineffective assistance with regard to his testimony at trial.

{¶26} Mr. Doss's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

MR. DOSS'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶27} In his fourth assignment of error, Mr. Doss argues that his conviction for domestic violence is against the manifest weight of the evidence.

{¶28} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶29} Mr. Doss's fourth assignment of error is premised upon the success of his first and sixth: he argues that A.V.'s statements to Officer Festa were testimonial hearsay and that without those statements, "[a]ll that remains is photographs depicting marks on the accuser, and the defendant's explanation for those marks." A.V.'s statements were properly admitted, however. Officer Festa testified that he found her "visibly upset" near Mr. Doss's home, that she bore recent injuries, and that in response to his initial inquiry, she told him that Mr. Doss placed his hands around her throat and dragged her through their bedroom. Mr. Doss did not deny that he caused A.V.'s injuries. Instead, he testified that they were inflicted earlier in the day with A.V.'s consent during a sexual encounter.

{¶30} This Court must "consider[] the credibility of witnesses" as part of our manifest weight review. *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin* at 175. Nonetheless, this Court is mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 39, quoting *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. Given the evidence in this case, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the conviction.

{¶31} Mr. Doss's fourth assignment of error is overruled.

III.

{¶32} Mr. Doss's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

PATRICK L. BROWN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA R. UHLER, Assistant Prosecuting Attorney, for Appellee.