[Cite as *State v. McElroy*, 2023-Ohio-1609.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 22CA011846 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EBONI MCELROY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 20CR102466 |

DECISION AND JOURNAL ENTRY

Dated: May 15, 2023

STEVENSON, Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas granting Defendant-Appellee, Eboni McElroy's, Crim.R. 29(B) and (C) motion for judgment of acquittal. Although the trial court erred in granting Ms. McElroy's motion for acquittal, for the following reasons we affirm the judgment of acquittal and remand for further proceedings.

I

{¶2} On June 24, 2020, the Lorain County Grand Jury indicted Ms. McElroy on the following charges: murder in violation of R.C. 2903.02(A), an unclassified felony (count one); murder in violation of R.C. 2903.02(B) (count two), an unclassified felony; murder in violation of R.C. 2903.02(B) (count three), an unclassified felony; felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree (count four); felonious assault in violation of R.C.

2903.11(A)(2) (count five), a felony of the second degree; and tampering with evidence in violation of R.C. 2921.12(A)(1) (count six), a felony of the third degree.

{¶3} The case proceeded to a jury trial. At the close of the State's case, Ms. McElroy moved for a judgment of acquittal pursuant to Crim.R. 29(A), which the trial court denied. Ms. McElroy proceeded with her case, after which she renewed her motion for a judgment of acquittal under Crim.R. 29(A). The trial court reserved its decision on the renewed motion and the matter proceeded to closing arguments.

{¶4} After deliberations, the jury found Ms. McElroy guilty on counts three, five, and six, and specifically found that she did not act in self-defense or in the defense of her residence in the death of the victim, I.B. The jury issued not guilty verdicts on counts one, two, and four.

{¶5} After the jury's verdict, Ms. McElroy orally renewed her motion for a judgment of acquittal. Arguments took place on the record and the trial court reserved its decision. Fourteen days later, Ms. McElroy also filed a written motion for judgment of acquittal under Crim.R. 29(C), stating in support that despite the jury verdict, the State failed to present sufficient evidence to disprove the affirmative defense of self-defense. The State opposed the motion.

{¶6} The trial court granted Ms. McElroy's Crim.R. 29 motion as to counts three and five. The trial court acknowledged that under the H.B. 228 amendments to R.C. 2901.05 that went into effect on March 28, 2019, the burden of proof shifted to the State to disprove one of the elements of self-defense once Ms. McElroy presented evidence supporting that she acted in self-defense. In its analysis, the trial court stated that the issue before it was Ms. McElroy's claim that the State did not present sufficient evidence to rebut her claim of self-defense. The trial court ultimately concluded that "in reviewing the sufficiency of the evidence in a light most favorable

to the State, this Court finds that no rational trier of fact could have found that the State disproved, beyond a reasonable doubt, that Defendant acted in self-defense."

{¶7}    As Ms. McElroy did not address count six in her motion for acquittal, the trial court denied her motion on that count. The trial court vacated Ms. McElroy's judgment of conviction as to counts three and five and denied her motion for a new trial.   The judgment of conviction on count six remains.

{¶8}    The State appealed pursuant to App.R. 5(C) (motion by prosecution for leave to appeal). This Court provisionally granted the State's motion for leave to appeal the substantive law ruling at issue to the extent it is not tied to the specific facts of the case, referencing *State ex rel. Ramirez-Ortiz v. Twelfth Dist. Court of Appeals*, 151 Ohio St.3d 46, 2017-Ohio-7816, ¶ 10 ("the state can appeal a discrete legal issue when the question is capable of repetition yet evading review").

{¶9}    The State raises one assignment of error for our review.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY GRANTING APPELLEE EBONI MCELROY'S POST-VERDICT CRIM.R. 29 MOTION BECAUSE IT IMPROPERLY APPLIED A SUFFICIENCY-OF-THE EVIDENCE ANALYSIS WHEN CONSIDERING MCELROY'S SELF-DEFENSE ARGUMENTS.**

{¶10}   In its single assignment of error, the State argues that the absence of self-defense is not an essential element of murder and felonious assault, and therefore, the trial court's application of a sufficiency-of-the-evidence analysis to Ms. McElroy's Crim.R. 29 motion for acquittal was contrary to law.

{¶11}   On December 21, 2022, the Supreme Court of Ohio issued its decision in *State v. Messenger*, Slip Opinion No. 2022-Ohio-4562, which addressed whether the State's rebuttal of a

defendant's claim of self-defense is now subject to review under the sufficiency-of-the evidence standard. *Id*. at ¶ 1. The Supreme Court held that it was not, stating:

> [t]he state's new burden of disproving the defendant's self-defense claim beyond a reasonable doubt is subject to a manifest-weight review on appeal, and the [appellate court] correctly declined to review the state's rebuttal of self-defense for sufficiency of the evidence.

*Id*. at ¶ 27.

**{¶12}** In its decision, the *Messenger* Court affirmed that:

> The change to the state's burden of persuasion regarding self-defense in R.C. 2901.05(B)(1) did not change the elements of [the defendant's] charged offenses * * *. [*The*] *statutory requirement that the state must disprove an affirmative defense beyond a reasonable doubt does not in itself cause the affirmative defense to become an element of the offense.*

(Emphasis added.) *Id*. at ¶ 24.

**{¶13}** The *Messenger* Court further noted that "[w]e have already determined that the amendment to R.C. 2901.05(B)(1) was procedural, not substantive, in nature. *State v. Brooks*, ____ Ohio St.3d ____, 2022-Ohio-2478, at ¶ 15-16. The amendment * * * did not make substantive changes to the elements of any offenses." *Id*. at ¶ 22.

**{¶14}** Accordingly, based on the authority of *Messenger*, the State's assignment of error has merit. The trial court's decision to grant Ms. McElroy's motion for acquittal on counts three and five was erroneous and contrary to law. However, even though the trial court erred, principles of double-jeopardy bar Ms. McElroy's retrial on those charges. *State v. Sanabria*, 11th Dist. No. 2018-A-0076, 2019-Ohio-2869, ¶ 19, citing *State v. Keeton*, 18 Ohio St.3d 379, 380-81 (1985) and *State v. Bistricky*, 51 Ohio St.3d 157 (1990), syllabus ("[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed"); *State v.*

*Bickel,* 178 Ohio App. 3d 535, 2008-Ohio-5747, ¶ 10. Therefore, the judgment of the trial court is affirmed. *Accord Sanabria* at ¶19.

{¶15} Because the trial court granted Ms. McElroy an acquittal solely on counts three and five, leaving count six remaining for adjudication, we remand this case to the trial court for further proceedings consistent with this opinion.

III

{¶16} The judgment of the Lorain County Court of Common Pleas is affirmed. This cause is remanded for further proceedings on count six.

Judgment affirmed and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

J.D.TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.