**[Cite as *State v. Stafford*, 2025-Ohio-5773.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30938 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DESHAWN STAFFORD | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2022-07-2498-A |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2025

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant Deshawn Stafford appeals from the judgment of the Summit County Court of Common Pleas that found him guilty of aggravated assault and assault, challenging the sufficiency and weight of the evidence supporting his conviction. For the reasons set forth below, this Court affirms.

I.

{¶2} The events giving rise to this appeal took place on June 2, 2022, in the parking lot of the I Promise School in Akron, Ohio. Around 10:30 pm, E.L., the victim in this case, and three of his friends, Ephram S., Mychai S., and La'Marion D., drove to the school armed with two toy Orbeez soft gel blaster guns with the intent of playing a prank and shooting at random people on the basketball court. They got the idea from a popular TikTok challenge and thought it was funny.

{¶3} When E.L. and his friends arrived at the school, Mr. Stafford was playing basketball with his brother, Tyler S., and their cousin Donovan J. Tyler's girlfriend was also present. E.L.

and his friends did not know the Staffords, Donovan, nor Tyler's girlfriend. After E.L. pulled into the parking lot and drove up to the basketball court, Ephram and Mychai got out of the car with the Orbeez guns, ran towards the court, shot at the Staffords, Donovan J., and Tyler's girlfriend through the fence, then returned to E.L.'s vehicle. Mr. Stafford immediately left the basketball court and approached E.L.'s vehicle to confront the boys for shooting him. E.L. then took the Orbeez gun from Mychai, got out of the car, and started shooting at Mr. Stafford as he approached. Mr. Stafford attempted to grab the gun from E.L. and a fight ensued. Mr. Stafford punched E.L., then Tyler and Donovan joined in the fight. At some point during the fight, Mr. Stafford punched E.L. in the face, causing E.L. to fall to the ground and hit the back of his head on the pavement, knocking him unconscious. While E.L. was motionless on the ground, Mr. Stafford continued to attack him. There was competing evidence as to whether the other two men with Mr. Stafford participated in the ongoing attack on E.L.

{¶4} E.L.'s friends tried to get E.L. into the car to take him to the hospital, but were unsuccessful due to E.L.'s size and weight. E.L. coughed when his friends tried to move him and appeared to be breathing at the time, but did not say anything and did not wake up. Ephram then called 911. E.L. never regained consciousness and died from a blunt force injury to the head; specifically, jarring of the brain and brainstem which led to arrhythmia.

{¶5} Before the police arrived, everyone involved in the incident fled the scene, leaving E.L. on the pavement. Ephram, La'Marion, and Mychai fled because Donovan threatened that he had a real gun and had started chasing them. The Staffords and Donovan drove away with one of the Orbeez guns. Ephram ran home and told his parents what happened. His father returned to the scene and spoke to the police. La'Marion and Mychai ran to La'Marion's house, told La'Marion's mother what happened, and she also returned to the scene. Based on the information provided by

the two parents, the police picked up Ephram, La'Marion, and Mychai and took them to the police station for interviews. Mr. Stafford was apprehended by the police nine days later and was taken to the police station for an interview.

{¶6} Mr. Stafford was indicted on one count of involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A)/R.C. 2903.04(C) (by way of aggravated assault); one count of aggravated assault, a felony of the fourth degree, in violation of R.C. 2903.12(A)(1)/R.C. 2903.12(B); one count of involuntary manslaughter, a felony of the third degree, in violation of R.C. 2903.04(B)/R.C. 2903.04(C) (by way of assault); and one count of assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A)/R.C. 2903.13(C).

{¶7} Mr. Stafford pleaded not guilty and the matter proceeded to a jury trial. After the State rested, Mr. Stafford moved for an acquittal under Crim.R. 29 which the court denied. He renewed his Crim.R. 29 motion after discussions with the State and the court regarding the jury instructions. The court again denied the motion. Mr. Stafford did not present any evidence.

{¶8} Mr. Stafford was found guilty of aggravated assault and assault, and not guilty of involuntary manslaughter under R.C. 2903.04(B)(C) (by way of assault), a felony of the third degree. The jury was unable to agree upon a verdict as to involuntary manslaughter under R.C. 2903.04(A)(C) (by way of aggravated assault), a felony of the first degree. Therefore, the court declared a mistrial on that count and the State dismissed it at sentencing. Mr. Stafford was sentenced to a term of 18 months for aggravated assault, and a term of six months for assault, to be served concurrently.

{¶9} Mr. Stafford timely appealed and raises three assignments of error for our review. Assignments of error one and three will be consolidated for ease of analysis.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. DESHAWN STAFFORD.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN DENYING MR. STAFFORD'S CRIMINAL RULE 29 MOTION FOR ACQUIT[T]AL.**

{¶10} Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "A challenge to the sufficiency of the evidence concerns the State's burden of production and is, in essence, a test of adequacy." *State v. Wilk*, 2023-Ohio-112, ¶ 9 (9th Dist.), citing *In re R.H.*, 2017-Ohio-7852, ¶ 25 (9th Dist.); *Thompkins* at 386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, (1991), paragraph two of the syllabus. There is no difference between the standard of review for a challenge to the sufficiency of the evidence and that for a motion for acquittal under Crim.R. 29. *State v. Doss*, 2019-Ohio-436, ¶ 18 (9th Dist.).

{¶11} In his first assignment of error, Mr. Stafford sets forth a broad argument pertaining to the sufficiency of the evidence, stating that "the trial court erred as a matter of law because the State failed to establish on the record sufficient evidence to support the charges levied against [Mr. Stafford]. . . ." In support, Mr. Stafford makes the following statement in his merit brief:

> Officers located Orbeez pellets and the gun which was consistent with [Mr. Stafford's] statement to police. But this isn't enough for [Mr. Stafford]. [Mr. Stafford] was being hit in the head by [the] Orbeez gun. E.L. had every opportunity to leave and retreat and failed to do so. [Mr. Stafford] is not the direct cause of

E.L.'s injuries. His injuries were consistent with an unprotected fall from standing height. . . . It is uncertain on (sic) if E.L. hit a light pole or the edge of something.

{¶12}  Under his third assignment of error, Mr. Stafford challenges the trial court's denial of his Crim.R. 29 motion on the basis of insufficiency of the evidence and argues that:

> the State of Ohio failed to prove causation, whether serious physical harm and the deadly force required. . . [Mr. Stafford] was being shot in the face by the Orbeez gun and [Mr. Stafford] attempted to retrieve the gun.  In the midst of the retrieval was a scuffle.  This scuffle is not enough to prove causation for [Mr. Stafford]. It is apparent that [Donovan J.] instigated more fighting and continued to chase E.L.'s friends. . . . The State was unable to prove that [Mr. Stafford] did not act in self-defense.  There was no testimony that [Mr. Stafford] caused E.L.'s death.  The testimony provided that [Mr. Stafford] was being attacked by the Orbeez gun and took the gun to prevent additional injuries.

{¶13}  We note as a threshold matter that at trial, Mr. Stafford's counsel did not include the assault charge in his motion for a Crim.R. 29 acquittal and requested specifically that the assault charge be left for the jury to decide.  Therefore, as for his Crim. R. 29 challenge on appeal, the only matter for our consideration is the aggravated assault charge.

{¶14}  To the extent that Mr. Stafford's arguments pertain to the affirmative defense of self-defense, that argument is not properly the subject of a sufficiency challenge, but rather, as will be explained under Mr. Stafford's second  assignment of error, must be reviewed under a manifest weight of the evidence standard.

{¶15}  Mr. Stafford appears to be arguing in part that his actions did not cause E.L.'s injuries. To the extent that Mr. Stafford's argument includes whether he caused E.L.'s death, that issue is not before us as Mr. Stafford was acquitted of involuntary manslaughter by way of assault, and the court dismissed the charge of involuntary manslaughter by way of aggravated assault.

{¶16}  Mr. Stafford does nothing more to support his sufficiency challenge except to recite the above facts without any legal analysis. He has not made any argument as to which elements of aggravated assault and assault that the State failed to prove. He does not recite the relevant sections

of the Ohio Revised Code that set forth the elements of those crimes. He offers no case law or other relevant authorities in support of his argument as required by App. R. 16(A)(7) (requires that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."). Therefore, it is difficult for us to discern Mr. Stafford's precise argument. However, after undertaking an independent review of the record in light of the elements of assault and aggravated assault in the light most favorable to the prosecution, we conclude that there is sufficient evidence in the record to support Mr. Stafford's convictions.

{¶17} Mr. Stafford was convicted of aggravated assault under R.C. 2903.12(A)(1), which provides that:

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> Cause serious physical harm to another. . . [.]

{¶18} R.C. 2901.22 (Culpable mental states) provides that:

> (B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶19} Under R.C. 2901.01(A)(5), "Serious physical harm to persons" means any of the following:

> (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶20} Mr. Stafford was also convicted of assault under R.C. 2903.13(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶21} Mr. Stafford's interview with the police was played for the jury during the testimony of the police officers who conducted the interview. Mr. Stafford admitted in the interview that after the fight with E.L. began, he punched E.L., which knocked E.L. over and caused him to fall and hit his head on the pavement, rendering him unconscious. Mr. Stafford's words were that E.L. "went to sleep" after he punched him and that he "slammed [E.L.] to the ground and he hit his head[.]" Mr. Stafford said that once E.L. was on the ground, he continued to attack him by hitting him two more times. Ephram S. characterized the continued attack as "stomping and kicking" and he identified Mr. Stafford by his hair color and style as one of the participants. La'Marion D. testified that E.L. was "stomp[ed]" and "punch[ed]" while on the ground and he also identified Mr. Stafford as one of the assailants. Viewing this evidence in the light most favorable to the prosecution, there is sufficient evidence to establish that Mr. Stafford is the individual whose actions caused E.L. to fall to the pavement where he hit his head and became unconscious, and then Mr. Stafford continued to attack him.

{¶22} The photographs, testimony, and autopsy report clearly reflect that E.L.'s injuries were "serious" as defined by R.C. 2901.01(A)(5). He sustained a laceration to the back of his head

from landing on the pavement which caused blood to flow onto the parking lot. He had lacerations and bruises to his eyes, eyebrows, lips, nose, forehead, left hand, and torso. Those injuries constitute "some temporary disfigurement." R.C. 2901.01(A)(5)(d). Furthermore, E.L. was rendered unconscious as a result of Mr. Stafford punching him and knocking him to the ground, and thus suffered "some temporary, substantial incapacity." R.C. 2901.01(A)(5)(c). Mr. Stafford acted "knowingly" because it is understood that punching, hitting, stomping, and kicking will "probably cause [serious physical harm] or will probably be of [that] nature." R.C. 2901.22(B).

{¶23} In sum, the foregoing testimony and evidence was sufficient to establish that Mr. Stafford committed aggravated assault as defined by R.C. 2903.12(A)(1). Mr. Stafford punched E.L., which knocked him to the ground, causing him to hit his head and become unconscious, then attacked him again. As a result of those actions, E.L. sustained serious physical harm. Therefore, the trial court did not err in overruling Mr. Stafford's Crim.R. 29 motion for acquittal and the evidence was sufficient to sustain his conviction for aggravated assault. *See, e.g., State v. Tirabassi*, 2005-Ohio-3439, ¶ 39 (8th Dist.) (holding that the State produced sufficient evidence of aggravated assault where the defendant pushed the victim to the floor and then kicked him after the victim provoked the defendant by taking a swing at him).

{¶24} Based on our conclusion that the evidence was sufficient to support the jury's finding that Mr. Stafford inflicted "serious physical harm" upon E.L., by definition he necessarily inflicted "physical harm" sufficient to support the jury's finding that he committed the crime of assault as defined by R.C. 2903.13.

{¶25} Accordingly, assignments of error one and three are overruled.

**ASSIGNMENT OF ERROR II**

**MR. DESHAWN STAFFORD'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE**

**PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV, SECTION 1, UNITED STATES CONSTITUTION).**

{¶26} In support of this assignment of error, Mr. Stafford reiterates verbatim the exact same argument that he made under his first assignment of error and alleges that the State failed to meet its burden of persuasion:

> [Mr. Stafford] was being hit in the head by [the] Orbeez gun. E.L. had every opportunity to leave and retreat and failed to do so. [Mr. Stafford] is not the direct cause of E.L.'s injuries. His injuries were consistent with an unprotected fall from standing height. . . . It is uncertain on (sic) if E.L. hit a light pole or the edge of something.

{¶27} Mr. Stafford has once again recited facts alone without any legal argument or analysis whatsoever. To the extent that Mr. Stafford appears to be arguing the affirmative defense of self-defense, "'[s]elf-defense requires that a defendant: (1) was not at fault in creating the situation giving rise to the affray; (2) had a bona fide belief that he was in imminent danger of . . . great bodily harm and that his only means of escape . . . was in the use of such force; and (3) did not violate any duty to . . . avoid the danger.'" *State v. Zink*, 2023-Ohio-1250, ¶ 9 (9th Dist.), quoting *State v. Warren*, 2020-Ohio-6990, ¶ 12 (9th Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002). "'All three of these elements must be present to establish self-defense.'" *Id.*

{¶28} "[A] defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that the defendant's use of force was in self-defense." *State v. Messenger*, 2022-Ohio-4562, ¶ 25. Once a defendant satisfies his burden of production, the burden of persuasion shifts "'from the defendant to the state to prove beyond a reasonable doubt that the accused did not use force in self-defense.'" *State v. Moore*, 2023-Ohio-2864, ¶ 9 (9th Dist.), quoting *State v. Brooks*, 2022-Ohio-2478, ¶ 6. The State satisfies this burden if it disproves any one of the elements of self-defense beyond a reasonable doubt. *State v. Fleckenstein*, 2023-Ohio-4347, ¶ 24 (9th Dist.), citing *State v. Williams*, 2020-Ohio-3269, ¶ 10 (9th Dist.).

{¶29} "Also '[t]he defense of self-defense is not available if the defendant used more force than was reasonably necessary and if the force used was greatly disproportionate to the apparent danger.'" *State v. Greenstreet*, 2023-Ohio-4224, ¶ 23 (9th Dist.), quoting *State v. Wright*, 2017-Ohio-1225, ¶ 28 (6th Dist.), citing *State v. Gray*, 2016-Ohio-5869, ¶ 8 (2d Dist.); *State v. Johnson*, 2009-Ohio-3500, ¶ 12 (6th Dist.).

{¶30} In *State v. McElroy*, 2023-Ohio-1609 (9th Dist.), we adopted the Ohio Supreme Court's pronouncement in *Messenger* that the State's burden of disproving the defense of self-defense was subject to a manifest weight review on appeal rather than a sufficiency-of-the evidence analysis. *McElroy* at ¶ 11, 14. Accordingly, we apply a manifest weight of the evidence standard of review to the State's burden of disproving self-defense.

{¶31} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Barger*, 2016-Ohio-443, ¶ 29 (9th Dist.).

{¶32} Mr. Stafford made no attempt to argue the law of self-defense in his merit brief. He does not point to which, if any, of the three prongs of the *Zink* test that he is challenging as against the manifest weight of the evidence. As this Court has consistently held, "'if an argument exists

that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" *State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998).

**{¶33}** As set forth above, the State presented ample testimony that Mr. Stafford hit, punched, stomped, and kicked E.L. after E.L. was knocked unconscious and laying on the ground motionless. Accordingly, Mr. Stafford did not have a "bona fide belief that he was in imminent danger of . . . great bodily harm and that his only means of escape . . . was in the use of such force" when he continued to attack E.L. *Zink*, 2023-Ohio-1250, at ¶ 9 (9th Dist.), quoting *Warren*, 2020-Ohio-6990, at ¶ 12 (9th Dist.), citing *Barnes*, 94 Ohio St.3d at 24 (2002). Thus, the State met its burden of disproving one of the elements of self-defense. Furthermore, any force whatsoever that was used against E.L. at that point was "'more force than was reasonably necessary and . . . was greatly disproportionate to the apparent danger.'" *Greenstreet*, 2023-Ohio-4224, at ¶ 23 (9th Dist.), quoting *Wright*, 2017-Ohio-1225, at ¶ 28 (6th Dist.). Therefore, the defense of self-defense was not available to Mr. Stafford.

**{¶34}** In addition, at the time that Mr. Stafford fled the scene, he was aware that the police were en route because Ephram called 911 while Mr. Stafford was still present at the scene. Mr. Stafford claimed in his interview that he kept the Orbeez gun because he wanted to take it to the police as proof that E.L. and his friends attacked him. Yet, rather than remain on the scene to tell his side of the story, he fled, took the Orbeez gun, and according to his statement, never reported the incident to the police. Those actions may indicate a consciousness of guilt that contradicts his self-defense claim. *See State v. Taylor*, 78 Ohio St.3d 15, 27 (1997), citing *State v. Eaton*, 19 Ohio St.2d 145 (1969), paragraph six of the syllabus; *see also State v. Rose*, 2022-Ohio-3197, ¶ 74 (11th

Dist.) (the defendant's flight, discarding weapons, and dishonest statements "severely undermine his claim of self-defense.").

**{¶35}** Based on the foregoing, we conclude that the State presented competent, credible evidence that Mr. Stafford lacked a bona fide belief that he was in imminent danger of great bodily harm and used unreasonable force against E.L. when he continued to attack him after he was knocked unconscious. The jury heard testimony from numerous witnesses presented by the State, watched the video footage, viewed the photographs, and reviewed the autopsy report. The jury, as the trier of fact, was in the best position to evaluate the credibility of the testimony and evidence and was free to believe the State's theory of the events. *See State v. Shank*, 2013-Ohio-5368, ¶ 29 (9th Dist.). Mr. Stafford does not attempt to explain why the State's evidence was not credible. We cannot find that this is the exceptional case where the evidence weighs heavily against the conviction. Accordingly, the jury's determination that Mr. Stafford did not act in self-defense is not against the manifest weight of the evidence. Mr. Stafford's second assignment of error is overruled

III.

**{¶36}** Mr. Stafford's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

13

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.